UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTHA VELASQUEZ, ) | |
| ) | Case No.: 2:10-cv-00140-GMN-PAL |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| S.B. RESTAURANT CO., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff's Motion for Declaratory Judgment (ECF No. 6), and Defendant's Motion to Compel Arbitration (ECF No. 8) and Motion to Stay Judicial Proceedings (ECF No. 11). Each of these motions addresses the same issue: the validity of an arbitration clause in an employee handbook. For the reasons that follow, this Court GRANTS Plaintiff's motion and DENIES Defendants' motions.

## I.   BACKGROUND

This case involves allegations of sexual harassment brought by Plaintiff Martha Velasquez ("Plaintiff"). From January 2005 to July 2006, Plaintiff was employed at the Elephant Bar, a location owned and operated by Defendant S.B. Restaurant Co. (Compl. ¶ 4, ECF No. 1 Ex. 3). Following the alleged incidents of sexual harassment, Plaintiff filed a charge of sexual harassment with the E.E.O.C. (*Id.* ¶ 13). Plaintiff then filed this case in December 2009, alleging: 1) sexual harassment; 2) negligent hiring, training, and supervision; 3) intentional infliction of emotional distress; and 4) negligent infliction of emotional distress, and requesting declaratory and injunctive relief. The suit was filed in the Eighth Judicial District Court, and subsequently removed by Defendants to this Court on diversity grounds.

Relevant to the motions presently before the Court are the facts surrounding Plaintiff's initial hiring and orientation. Plaintiff only speaks, writes, and understands Spanish. (*Id.* ¶ 17). Plaintiff alleges that when she was hired she did not receive a copy of, or understand, Defendants' policies with regard to sexual discrimination and sexual harassment. (*Id.* ¶15). Plaintiff admits that she may have received a company handbook ("Handbook"), but alleges that the Handbook was only available in English. (*Id.*). Plaintiff appears to have signed an "Acknowledgment of Policies" form ("Acknowledgment") on March 4, 2005. (ECF No. 12 Ex. 1-B). The Acknowledgment references a Handbook that was revised as of 02/04. (*Id.*). Defendants admit that no such handbook exists and contend that this was a typographical error in the Acknowledgment. (Resp. 3:18–22, ECF No. 12). But Defendants claim that the Handbook that was in effect at the time Plaintiff signed the Acknowledgment was revised as of April 2004. (Wineman Aff. ¶ 5, ECF No. 12 Ex. 1). A copy of the April 2004 Handbook's Arbitration Agreement section is attached to Defendants' Response. It states:

> In the event of any dispute arising under or involving any provision of this Agreement or any dispute regarding an employee's (hereinafter referred to as "employee") employment with the Elephant Bar (hereinafter referred to as the Company), claims involving unlawful discrimination and/or unlawful harassment, not arising out of the termination of employment, or the termination of employment (with the exception of claims rising out of discrimination, claims for workers' compensation, unemployment insurance and any wage and hour matter), employee and the Company agree to submit any such dispute to binding arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. section 1, et seq., if applicable . . . .

(ECF No. 12 Ex. 1-A). The Plaintiff seeks declaratory relief declaring that the arbitration agreement within the employee handbook is inapplicable to her case, whereas Defendants are asking this Court to compel Plaintiff to enter arbitration pursuant to the employee

Handbook.

## II. DISCUSSION

### A. Applicability of the Arbitration Agreement

Plaintiff contends that the Arbitration Agreement does not apply to her because there was no agreement to arbitrate. Plaintiff notes that the Acknowledgment contains the incorrect date, and points to Defendants' response to the EEOC's request for the Handbook with a May 2005 revision, dated two months after Plaintiff signed the Acknowledgement. Plaintiff argues that it is unclear which documents are alleged to constitute the Arbitration Agreement and that her signature on the Acknowledgement does not establish that there was an agreement to arbitrate.

Although these arguments initially appear persuasive, they are resolved by the affidavits attached to Defendants' response and motion to compel arbitration. Defendants contend that Plaintiff's personnel file contains the signed Acknowledgement and an accompanying Arbitration Agreement. (Wineman Aff. ¶¶ 3–4, ECF No. 8 Ex. 1). Further, Defendants attest that the Handbook version at use during the time of Plaintiff's hiring and orientation was the April 2004 version and that the Acknowledgement merely contains an error in its reference to a 02/04 version. (*Id.*¶¶ 5–6).

Plaintiff admits that she may have received a company handbook. And, in fact, her signature on the Acknowledgement attests to her receipt of the Handbook. So although there may be some factual issues that are not entirely clear, the Court finds that there is sufficient evidence to hold that there is an arbitration agreement between the two parties.

### B. Enforceability of the Arbitration Agreement

Most of the parties' arguments are directed toward whether the arbitration agreement is enforceable. Specifically, Plaintiff contends that the arbitration agreement

1 is unenforceable because it is procedurally and substantively unconscionable, whereas
2 Defendants argue that such is not the case.

3   As a preliminary matter, it is worth noting that both parties and the Court agree
4 that *Rent-A-Center v. Jackson*, 130 S. Ct. 2772 (U.S. 2010) is not applicable to this case.
5 (*See* ECF Nos. 21 & 22).  In *Rent-A-Center*, the Supreme Court upheld a district court's
6 decision to submit the question of an arbitration agreement's enforceability to an
7 arbitrator where the agreement explicitly delegated to an arbitrator the exclusive authority
8 to resolve any dispute related to the agreement's enforceability. In this case, however,
9 there is no explicit provision that delegates to an arbitrator the exclusive ability to
10 determine the enforceability of the arbitration agreement.  Accordingly, it is within this
11 Court's power to determine the enforceability of the arbitration agreement.

12   In Nevada, "[a]n agreement contained in a record to submit to arbitration any
13 existing or subsequent controversy arising between the parties to the agreement is valid,
14 enforceable and irrevocable except upon a ground that exists at law or in equity for the
15 revocation of a contract." Nev. Rev. Stat. § 38.219.  Doubts concerning the arbitrability
16 of the subject matter of a dispute are to be resolved in favor of arbitration.  *See Kindred v.*
17 *Second judicial Dist. Court*, 116 Nev. 405, 411 (2000) (quoting *Int'l Assoc. Firefighters*
18 *v. City of Las Vegas*, 104 Nev. 615, 618 (1988)).  An arbitration agreement may be
19 invalidated if it is found to be unconscionable.

20   In order to find an arbitration agreement unconscionable, the Court must
21 determine that the agreement was both procedurally and substantively unconscionable.
22 *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553 (2004) (quoting *Burch v. Dist. Ct.*, 118
23 Nev. 438, 442 (2002)).  "However, less evidence of substantive unconscionability is
24 required in cases involving great procedural unconscionability." *Id.* at 553–54.  In the
25 present case, the arbitration agreement was both substantively and procedurally

unconscionable.

### i. Substantive Unconscionability

Substantive unconscionability focuses on the "one-sidedness of the contract terms." *D.R. Horton*, 120 Nev. at 554. In *D.R. Horton*, the Nevada Supreme Court relied on the substantive unconscionability analysis employed by the Ninth Circuit in *Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir. 2003). In *Ting*, the Ninth Circuit required that an arbitration agreement have a "modicum of bilaterality." *Id.* (quoting *Armendariz v. Foundation Health Psychcare*, 6 P.3d 669, 692 (Cal. 2000)). Neither the Nevada Supreme Court, nor the Ninth Circuit adopted a list of factors to analyze whether a contract is impermissibly one-sided, but in *Armendariz v. Foundation Health Psychcare*, a case cited in both *D.R. Horton* and *Ting*, the California Supreme Court analyzed the following factors in making a determination regarding unconscionability: 1) neutral arbitrator; 2) more than minimal discovery; 3) written award; 4) types of relief available; and 5) unreasonable costs. *Armendariz*, 6 P.3d at 682. Such factors are instructive in making a determination regarding substantive unconscionability. Considering these factors and the facts currently before this Court, the arbitration agreement is substantively unconscionable.

### a. Neutral Arbitrator

The agreement provides that "[i]f the employee and the Company are unable to agree on a neutral arbitrator, the Company will obtain a list of arbitrators from the Federal or State Mediation and Conciliation Service. Employee (first) and then the Company will alternately strike names until only one name remains, the remaining person shall be the arbitrator." Very simply, this is not one-sided. The agreement sets forth specific procedures to ensure neutrality of the arbitrator.

/ / /

### b.     Extent of Discovery Allowed

As to the second factor, the agreement does not expressly address the extent of discovery available. Rather, it states the hearing conducted by the arbitrator will be "in a manner to be determined as mutually agreed to by the parties and/or by the arbitrator." Although there is no explicit discussion of the discovery allowed, there are also no express limitations on what is discoverable. Accordingly, this factor does little to support a claim for substantive unconscionability.

### c.     Written Award

The arbitration agreement provides that "the arbitrator shall issue a written opinion which shall be signed and dated. The arbitrator's opinion and award shall decide all issues submitted and shall set forth the legal principles supporting each part of the opinion." This weighs against a finding of substantive unconscionability.

### d.     Types of Relief Available

The arbitration agreement provides that the arbitrator may award "those remedies in law or equity which is [*sic*] requested by the parties and which the arbitrator determines to be supported by the credible, relevant evidence." Additionally, the agreement states that "nothing in this agreement shall be construed as precluding any employee from filing a charge or complaint with the Equal Employment Opportunity Commission (EEOC), National Labor Relations Board (NLRB) or any other similar state or federal agency seeking administrative resolution of a dispute or claim." Again, this weighs against a finding of substantive unconscionability.

### e.     Unreasonable Costs

The arbitration agreement states "[t]he employee and the Company shall each bear their own costs for the arbitrator, court reporter, if any, and any incidental costs of arbitration." Plaintiff contends that this provision is substantively unconscionable

because arbitration must take place in California, thus requiring travel expenses for Plaintiff, and because the agreement requires that Velasquez pay her own costs and attorney fees.

Plaintiff's first argument misinterprets the location requirement and is therefore without merit. The arbitration agreement does not require that the arbitration take place in California. However, the second argument is persuasive. Although "an arbitration agreement's silence regarding potentially significant arbitration costs does not, alone, render the agreement unenforceable, the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her . . . rights in the arbitral forum." *D.R. Horton*, 129 Nev. at 558 (internal quotation marks omitted). This is because "[o]rdinary [litigants] may not always have the financial means to pursue their legal remedies, and significant arbitration costs greatly increase that danger." *Id.* In circumstances where the potential for significant arbitration costs creates the danger that the litigant will not be able to afford to pursue her legal remedies, the arbitration agreement can be adjudged substantively unconscionable. *Id.* Here, the arbitration agreement would force Plaintiff--who was employed by Defendants as a Food Preparer (Compl. ¶ 5, ECF No. 1 Ex. 3)--to bear nearly the same unspecified costs as Defendant S.B. Restaurant Co.--the owner and operator of "the exclusive Elephant Bar Restaurant located in California, Arizona, Colorado, Kansas, Missouri, Nevada, New Mexico, Ohio, Florida, and Oklahoma" (Mot. 3:3–5, ECF No. 8)--and, thereby, might make her access to a legal remedy claim far more difficult. This is substantively unconscionable.

### ii. Procedural Unconscionability

An arbitration agreement is "procedurally unconscionable when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily

ascertainable upon a review of the contract." *D.R. Horton*, 120 Nev. at 554.  Nevada does not consider employment contracts to be adhesion contracts.  *See Lyman v. Mor Furniture for Less, Inc.*, 2008 U.S. Dist. LEXIS 17262 (D. Nev. Feb 28, 2008) (citing *Kindred v. Second Judicial Dist. Ct.*, 996 P.2d 903, 907 (Nev. 2000) ("We have never applied the adhesion contract doctrine to employment cases.")).  "Procedural unconscionability often involves the use of fine print or complicated, incomplete or misleading language that fails to inform a reasonable person of the contractual language's consequences." *D.R. Horton*, 120 Nev. at 554.

Plaintiff argues that the agreement is procedurally unconscionable because the clause dealing with fees did not sufficiently put Plaintiff on notice of the rights that she was giving up.  Specifically, Plaintiff argues that she was not sufficiently notified that she would be waiving her right to attorney's fees under Title VII by signing the acknow-ledgement page.  *D.R. Horton* also dealt with an arbitration agreement that required the waiver of a statutory right to attorney's fees in favor of each party bearing its own attorney fees and expenses. *D.R. Horton*, 120 Nev. at 556.  In discussing that provision, the Nevada Supreme Court concluded, "[w]hile [Defendant] did not have a duty to explain in detail each and every right that [Plaintiffs] would be waiving by agreeing to arbitration, to be enforceable, an arbitration clause must at least be conspicuous and clearly put a purchaser on notice that he or she is waiving important rights under Nevada law." *Id.* at 556–57.  It is no less important that the signatory be notified that she will be waiving rights under federal law, such as the attorney fees available under Title VII.

The arbitration agreement is further procedurally unconscionable because of the misleading language that immediately precedes it.  The section of the Employee Handbook immediately before the arbitration agreement is titled "**It's Not a Contract**" and reads:

> Any and all benefits, policies and procedures are statements of general policy and to the contrary are not a contract or guarantee of employment for any specified period of time with the Company. Any reliance on this Handbook's policies and procedural provisions by any employee to create any contractual rights for employment or any employment related to matters for any specified period of time is contrary and unreasonable under the law. If you have any questions, do not hesitate to ask your supervisor, who is here to help you.

(Wineman Aff., Ex. A., ECF No. 12.) The juxtaposition between this language and the arbitration agreement immediately following it could easily be misleading to a job applicant, particularly when one's only understanding of those sections comes from an oral translation of their words, (*see* Gonzales Decl., ECF No. 8 Ex. 2), which does not convey the same sort of paragraph breaks and headings as does a written document. The arrangement of these provisions could reasonably have misled Plaintiff to believe that the arbitration agreement was also merely the general policy of the restaurant, and not something that was strictly binding upon her.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motions to Compel Arbitration (ECF No. 8) and Stay Judicial Proceedings (ECF No. 11) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Declaratory Judgment (ECF No. 6) is GRANTED.

DATED this 9th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge