UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARTHA VELASQUEZ, | ) | Case No.: 2:10-cv-00140-GMN-PAL |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| S.B. RESTAURANT CO. d/b/a ELEPHANT BAR, | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is Defendant S.B. Restaurant Co. d/b/a Elephant Bar's Motion to Strike Punitive Damages (ECF No. 24). Plaintiff Martha Velasquez filed a Response (ECF No. 25) and Defendant filed a Reply (ECF No. 26).

This is an employment discrimination suit, filed by Plaintiff after she was allegedly sexually assaulted, harassed and then retaliated against at her place of employment. Plaintiff's Complaint states five causes of action against Defendant as well as claims of relief for punitive damages. Defendant moves to strike any claims for punitive damages.

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp.*

*Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Under Nevada law an employer will only be held vicariously liable for punitive damages for the acts or omission of employees if:

> (a) The employer had advance knowledge that the employee was unfit for the purposes of the employment and employed the employee with a conscious disregard of the rights or safety of others;
> (b) The employer expressly authorized or ratified the wrongful act of the employee for which the damages are awarded; or
> (c) The employer is personally guilty of oppression, fraud or malice, express of implied.

N.R.S. 42.007.  *See also Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 257 (Nev. 2008).  If an employer is a corporation then it can only be held vicariously liable for punitive damages if the above criteria are met by an officer, director, or managing agent of the corporation who is "expressly authorized to direct or ratify the employee's conduct on behalf of the corporation."  N.R.S. 42.007(emphasis added); *see also Thitchener*, 192 P.3d at 258.

Defendant argues that Plaintiff has failed to allege any malice by a specific employee who would qualify as a managing agent with sufficient authority to expose the corporation to punitive damages.  Defendant also argues that Plaintiff simply states, in conclusory fashion that "the conduct of defendant and its employees has been malicious, fraudulent and

oppressive and was designed to vex, annoy or harass Plaintiff . . ." (Complaint at 4:18-20, 5:24-27, ECF No. 1.)  Defendant claims that because Plaintiff simply alleges that Duane Whitaker, a manager, and Ruben Guevarra, a cook, "intermittently acted in a supervisory role over her" she has not identified an individual within the corporation who has any discretion in making decisions that determine corporate policy.

However, at this point this court does not know the extent of Mr. Whitaker or Mr. Guevarra's managerial duties.  The court is required to accept as true the allegations as stated in the complaint.  Plaintiff has stated that they are in a supervisory role over her.  Plaintiff also states very specific facts of Mr. Whitaker and Mr. Guevarra's conduct toward her:

- On or about June 2006 Ruben Guevarra sexually assaulted Plaintiff in the workplace by placing his hands on her breasts without Plaintiff's consent.

- Plaintiff complained about Duane Whitaker and Ruben Guevarra's conduct to Kitchen Manager, Gerardo Gorrido, yet no corrective action was taken.

- After making complaints Plaintiff was retaliated against by Duane Whitaker and Ruben Guevarra, who intermittently acted in a supervisory role over her. Duane Whitaker falsely accused Plaintiff of not completing her work and sent Plaintiff home.

(Complaint ¶8-10, ECF No. 1.)  Plaintiff then alleges that this conduct was done with malicious intent such that punitive damages should be awarded.  (Complaint ¶26, ECF No. 1.)  Thus the generally averred malicious intent is tied to specific conduct that is alleged in the complaint. *See e.g.*, *Clark v. Allstate Ins. Co.*, 106 F.Supp.3d 1016, 1019 (S.D.Cal. 2000); *Mantic Ashanti's Cause v. Godfather's Pizza*, 1999 U.S. Dist. LEXIS 16675, at *18, 19, No. 98-CV-2264 W (S.D. Cal. June 1, 1999).  Accordingly, Defendant's motion to strike punitive damages is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant S.B. Restaurant Co. d/b/a Elephant Bar's

1 | Motion to Strike Punitive Damages (ECF No. 24) is **DENIED**.

2 | DATED this 23rd day of September, 2011.

_____
Gloria M. Navarro
United States District Judge